1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

AT TACOMA

10

DEBRA ABEAR, Personal Representative of
the Estate of Jason Raffelson and on behalf of

11

T.R., the surviving child, and the ESTATE OF
JASON RAFFELSON,,

12

Plaintiffs,

13

v.

14

CRAIG TEVELIET, individually; FAMILY

15

PRACTICE CENTER OF GRAYS HARBOR,
P.C.,a Washington professional corporation;

16

PURDUE PHARMA, L.P., a Delaware limited
partnership; THE PURDUE PHARMA

17

COMPANY, a Delaware partnership; PURDUE

18

PHARMA, INC., A New York corporation;
THE P.F. LABORATORIES, a New Jersey

19

corporation; THE ABBOTT
LABORATORIES, an Illinois corporation;

20

ABBOTT LABORATORIES, INC., a
Delaware corporation; and JOHN/JANE DOES

21

I - X,,

22

Defendants.

Case No. C06-5220 FDB

ORDER GRANTING MOTION TO
DISMISS PLAINTIFFS' AMENDED
COMPLAINT

23

24

    This matter comes before the Court on the motion of Defendants Dr. Craig Teveliet and

25

Family Practice Center of Grays Harbor, P.C. to dismiss Plaintiffs' First Amended Complaint.  These

26

ORDER - 1

1  Defendants assert that Plaintiffs have failed to state a claim under the Lanham Act, 42 U.S.C. §

2  1125(a)(1)(B) and accordingly, this Court lacks jurisdiction.  Defendants further move the Court to

3  decline supplemental jurisdiction over the remaining state law claims.  After reviewing all materials

4  submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants

5  Defendants' motion and dismisses Plaintiff's amended complaint in its entirety for the reasons stated

6  below.

7                        **INTRODUCTION AND BACKGROUND**

8          This is a wrongful death action.  Plaintiffs' First Amended Complaint alleges that the actions

9  of Defendants Dr. Teveliet, Purdue Pharma, L.P. *et al.* ("Purdue") and Abbott Laboratories, Inc. *et*

10 *al.* ("Abbott") led to Jason Raffelson's drug addition to the prescription drug, OxyContin, and his

11 subsequent death.  The sole federal law claim is an allegation that Purdue's and Abbott's actions and

12 conduct in marketing OxyContin was a violation of 15 U.S.C. § 1125(a)(1)(B) of the Lanham Act.

13         Federal jurisdiction is asserted on the basis of 28 U.S.C. § 1331 , which authorizes federal

14 district court jurisdiction over civil actions arising under the laws of the United States, and 15 U.S.C.

15 § 1121(a), which grants to federal district courts original jurisdiction over all actions arising under the

16 Lanham Act. The district court has supplemental jurisdiction over the state law claims pursuant to 28

17 U.S.C. § 1367.

18         Defendants Dr. Teveliet and the Family Practice Center of Grays Harbor move for dismissal of

19 Plaintiffs' claims contending the First Amended Complaint does not allege facts sufficient to establish

20 standing to maintain a Lanham Act claim. Defendants further assert that the Court should decline to

21 exercise supplemental jurisdiction over the remaining state-law claims where the court has dismissed

22 the sole claim on which federal jurisdiction is predicated.

23                    **STANDARDS GOVERNING MOTION TO DISMISS**

24         Defendants move to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P.

25 12(b)(1), 12(b)(6) and 12(h)(3) for failure to state a claim and for lack of subject matter jurisdiction.

26  ORDER - 2

1      Fed. R. Civ. P. 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject

2  matter jurisdiction. "When subject matter jurisdiction is challenged under Federal Rule of Procedure

3  12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco

4  Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).  On a motion to dismiss

5  pursuant to Rule 12(b)(1), the standards that must be applied vary according to the nature of the

6  jurisdictional challenge.  A complaint will be dismissed if, looking at the complaint as a whole, it

7  appears to lack federal jurisdiction either "facially" or "factually."  Thornhill Publishing Co. v. General

8  Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  If the challenge to jurisdiction is a facial

9  attack, i.e., the defendant contends that the allegations of jurisdiction contained in the complaint are

10  insufficient on their face to demonstrate the existence of jurisdiction, the plaintiff is entitled to

11  safeguards similar to those applicable when a Rule 12(b)(6) motion is made. The factual allegations of

12  the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an

13  element necessary for subject matter jurisdiction. Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir.

14  2001).

15      Additionally, Fed. R. Civ. P.12(h)(3), which governs the waiver or presentation of certain

16  defenses, provides that the court shall dismiss an action "[w]henever it appears by suggestion of the

17  parties or otherwise that the court lacks jurisdiction of the subject matter."  See, Augustine v. U.S.,

18  704 F.2d 1074 (9th Cir. 1983).

19      On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the

20  court must construe the complaint in the light most favorable to the plaintiff, taking all his allegations

21  as true and drawing all reasonable inferences from the complaint in his favor.   A complaint should

22  not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove

23  no set of facts in support of his claim which would entitle him to relief.  Doe v. U.S., 419 F.3d 1058,

24  1062 (9th Cir. 2005).  The complaint need not set out the facts in detail; what is required is a "short

25  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a);

26  ORDER - 3

1    <u>La Salvia v. United Dairymen</u>, 804 F.2d 1113, 1116 (9th Cir. 1986).  Thus, the court's task is merely

2    to assess the legal feasibility of the complaint.  <u>Cooper v. Parsky</u>, 140 F.3d 433, 440 (2nd Cir. 1998).

3                                            **LANHAM ACT STANDING**

4         Plaintiffs assert but one federal cause of action.  In paragraph 32 of the First Amended

5    Complaint, Plaintiffs allege the actions and conduct of Purdue and Abbott violated 15 U.S.C.

6    §1125(a)(1)(B) of the Lanham Act.  Defendants move to dismiss Plaintiff's First Amended Complaint

7    on the grounds that the factual allegations fail to state a claim under the Lanham Act, 15 U.S.C. §

8    1125(a)(1)(B) and thus, there is a lack of federal subject matter jurisdiction.

9         The Lanham Act creates a civil remedy against persons or entities who engage in "false

10   designations of origin, false descriptions, and false representation in the advertising and sale of goods

11   and services."  <u>Waits v. Frito-Lay</u>, 978 F.2d 1093, 1106 (9th Cir. 1992).  Section 43(a) of the Lanham

12   Act, 15 U.S.C. § 1125(a)(1)(B), provides in relevant part:

> Any person who, on or in connection with any goods or
> services, or any container for goods, uses in commerce any word, term,
> name, symbol, or device, or any combination thereof, or any false
> designation of origin, false or misleading description of fact, or false or
> misleading representation of fact, which ... in commercial advertising or
> promotion, misrepresents the nature, characteristics, qualities, or
> geographic origin of his or her or another person's goods, services, or
> commercial activities, ...shall be liable in a civil action by any person
> who believes that he or she is or is likely to be damaged by such act.

18   Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits the use of  false descriptions and

19   false representations in the advertizing and sale of goods and services.  <u>Jack Russell Terrier Network</u>

20   <u>of Northern Ca. v. American Kennel</u>, 407 F.3d 1027, 1036 (9th Cir. 2005).   To prove a Lanham Act

21   false-advertising claim, plaintiff must establish (1) defendant made a false statement of fact about its

22   own or another's product in a commercial advertisement; (2) the statement actually deceived or had

23   the tendency to deceive a substantial segment of defendant's audience; (3) the deception is material, in

24   that it is likely to influence the purchasing decision; (4) defendant caused its falsely advertised product

25   to enter interstate commerce; and (5) plaintiff has been or is likely to be injured as the result of the

26   ORDER - 4

1   false statement either by direct diversion of sales from itself to defendant, or by lessening of the

2   goodwill which its products enjoy with the buying public.  Rice v. Fox Broadcasting Co., 330 F.3d

3   1170, 1180 (9th Cir. 2003).

4        To maintain a claim under the Lanham Act, a party must have standing.  Jack Russell, at

5   1037; Waits, at 1107-1109.  Section 43(a) permits "any person who believes that he or she is likely to

6   be damaged" by the proscribed conduct to bring a civil action.  15 U.S.C. § 1125(a)(1); National

7   Licensing Ass'n, LLC. v. Inland Joseph Fruit Co., 361 F.Supp.2d 1244, 1256 (E.D. Wash. 2004).

8   Despite this broad language, the focus of the statute is on anti-competitive conduct in a commercial

9   context, and the statute limits standing to a narrow class of potential plaintiffs possessing competitive

10  or commercial interests harmed by the targeted conduct.  Jack Russell, at 1037; Barrus v. Sylvania,

11  55 F.3d 468, 469-70 (9th Cir. 1995).  See also,  Made in the USA Foundation v. Phillips Foods, Inc.,

12  365 F.3d 278, 280 (4th Cir. 2004);  Procter & Gamble Co. v. Amway Corp., 242 F.3d 539, 561 (5th

13  Cir. 2001); Stanfield v. Osborne Indus., 52 F.3d 867, 873 (10th Cir. 1995); Serbin v. Ziebart Int'l

14  Corp., Inc., 11 F.3d 1163, 1179 (3rd Cir. 1993); Dovenmuehle v. Gilldorn Mortgage Midwest Corp.,

15  871 F.2d 697, 700 (7th Cir. 1989); Colligan v. Activities Club of New York, 442 F.2d 686 (2nd Cir.

16  1971).  To establish standing pursuant to the "false advertising" prong of § 43(a) of the Lanham Act,

17  15 U.S.C. § 1125(a)(1)(B), a plaintiff must show (1) a commercial injury based upon a

18  misrepresentation about a product; and (2) that the injury is competitive, or harmful to the plaintiff's

19  ability to compete with the defendant.  Jack Russell, at 1037; Barrus, at 469-470.  Consumers do not

20  meet the standing requirement for the Lanham Act.  Barrus, at 470; Von Grabe v. Sprint PCS, 312

21  F.Supp.2d 1285, 1302 (S.D. Cal. 2003).

22       In the instant case, Defendants argue that Plaintiffs' attempt to assert Lanham Act violations,

23  specifically section1125(a)(1)(B), is incurably deficient.  Defendants are correct.  Plaintiffs'

24  allegations are that of a consumer of the product OxyContin and targets of the marketing practices of

25  Purdue and Abbott.  Plaintiffs simply do not possess, or allege, any competitive or commercial

26  ORDER - 5

1  interests harmed by the targeted conduct.  Thus, Plaintiffs lack standing to maintain a Lanham Act

2  claim.  Accordingly, the sole claim upon which federal jurisdiction is predicated is subject to

3  dismissal.

4                                   **SUPPLEMENTAL JURISDICTION**

5          The Court has supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C.

6  § 1367(a). Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental

7  jurisdiction over state law claims where the court has dismissed all claims over which it has original

8  jurisdiction.  Voigt v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995).  "In the usual case in which all

9  federal-law claims are eliminated before trial, the balance of factors to be considered under the

10 pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward

11 declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v.

12 Cohill, 484 U.S. 343, 350 n. 7 (1988).  The balance of factors generally indicates that a case belongs

13 in state court when the federal-law claims have dropped out of the lawsuit in its early stages and only

14 state-law claims remain. Id.

15         Here, Plaintiffs' sole federal claim is being dismissed prior to trial. Because the Court is able

16 to decide Plaintiffs' federal claim without reaching the issues underlying Plaintiff's state-law claims

17 remaining in this case, the Court declines to exercise supplemental jurisdiction over the state law

18 claims pursuant to 28 U .S.C. § 1367(c)(3).  See, Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001

19 (9th Cir. 1997).

20                                          **CONCLUSION**

21         For the reasons stated above, Plaintiffs' have failed to state a claim pursuant to the Lanham

22 Act and the Court declines to exercise supplemental jurisdiction over the state law claims.  Plaintiffs'

23 First Amended Complaint is subject to dismissal for failure to state a claim and lack of subject matter

24 jurisdiction.

25         ACCORDINGLY,

26  ORDER - 6

1    IT IS ORDERED:

2        Defendants' Craig Teveliet M.D. and Family Practice Center of Grays Harbor, P.S.'s Motion

3   to Dismiss Plaintiffs' Amended Complaint [Dkt. #18] is **GRANTED**.  The Lanham Act claim is

4   dismissed with prejudice and the state law claims dismissed, as this Court declines supplemental

5   jurisdiction.

6

7        DATED this 28th day of August, 2006.

8

9

10

11                                    FRANKLIN D. BURGESS
                                      UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 7